# Exhibit A

(State Court Documents)

STATE OF SOUTH CAROLINA )     IN THE COURT OF COMMON PLEAS
COUNTY OF BERKELEY )

Dawn L. Hillegass )     CIVIL ACTION COVERSHEET
                Plaintiff(s) )

vs.                          )     2014-CP-08-1244

Lexis Nexis Risk Solutions, Inc. )
                Defendant(s) )

Submitted By: Dave Maxfield          SC Bar #:       7163
Address: 5217 N. Trenholm Rd., Ste. B    Telephone #:   803-509-6800
Columbia, SC 29206                   Fax #:          855-299-1656
                                     Other:
                                     E-mail:         dave@consumerlawsc.com

NOTE: The coversheet and information contained herein neither replaces nor supplements the filing and service of pleadings or other papers as required by law. This form is required for the use of the Clerk of Court for the purpose of docketing. It must be filled out completely, signed, and dated. A copy of this coversheet must be served on the defendant(s) along with the Summons and Complaint.

## DOCKETING INFORMATION (Check all that apply)
*If Action is Judgment/Settlement do not complete*

☒ JURY TRIAL demanded in complaint.    ☐ NON-JURY TRIAL demanded in complaint.
☐ This case is subject to ARBITRATION pursuant to the Court Annexed Alternative Dispute Resolution Rules.
☒ This case is subject to MEDIATION pursuant to the Court Annexed Alternative Dispute Resolution Rules.
☐ This case is exempt from ADR. (Proof of ADR/Exemption Attached)

## NATURE OF ACTION (Check One Box Below)

**Contracts**
☐ Constructions (100)
☐ Debt Collection (110)
☐ Employment (120)
☐ General (130)
☐ Breach of Contract (140)
☐ Other (199)

**Torts - Professional Malpractice**
☐ Dental Malpractice (200)
☐ Legal Malpractice (210)
☐ Medical Malpractice (220)
Previous Notice of Intent Case #
20___-CP-___-___
☐ Notice/ File Med Mal (230)
☐ Other (299)

**Torts – Personal Injury**
☐ Assault/Slander/Libel (300)
☐ Conversion (310)
☐ Motor Vehicle Accident (320)
☐ Premises Liability (330)
☐ Products Liability (340)
☐ Personal Injury (350)
☐ Wrongful Death (360)
☐ Other (399)

**Real Property**
☐ Claim & Delivery (400)
☐ Condemnation (410)
☐ Foreclosure (420)
☐ Mechanic's Lien (430)
☐ Partition (440)
☐ Possession (450)
☐ Building Code Violation (460)
☐ Other (499)

**Inmate Petitions**
☐ PCR (500)
☐ Mandamus (520)
☐ Habeas Corpus (530)
☐ Other (599)

**Administrative Law/Relief**
☐ Reinstate Drv. License (800)
☐ Judicial Review (810)
☐ Relief (820)
☐ Permanent Injunction (830)
☐ Forfeiture-Petition (840)
☐ Forfeiture—Consent Order (850)
☐ Other (899)

**Judgments/Settlements**
☐ Death Settlement (700)
☐ Foreign Judgment (710)
☐ Magistrate's Judgment (720)
☐ Minor Settlement (730)
☐ Transcript Judgment (740)
☐ Lis Pendens (750)
☐ Transfer of Structured Settlement Payment Rights Application (760)
☐ Confession of Judgment (770)
☐ Petition for Workers Compensation Settlement Approval (780)
☐ Other (799)

**Appeals**
☐ Arbitration (900)
☐ Magistrate-Civil (910)
☐ Magistrate-Criminal (920)
☐ Municipal (930)
☐ Probate Court (940)
☐ SCDOT (950)
☐ Worker's Comp (960)
☐ Zoning Board (970)
☐ Public Service Comm. (990)
☐ Employment Security Comm (991)
☐ Other (999)

**Special/Complex /Other**
☐ Environmental (600)
☐ Automobile Arb. (610)
☐ Medical (620)
☐ Other (699)
☐ Pharmaceuticals (630)
☒ Unfair Trade Practices (640)
☐ Out-of-State Depositions (650)
☐ Motion to Quash Subpoena in an Out-of-County Action (660)
☐ Sexual Predator (510)

**Submitting Party Signature:** _____    **Date:** 5/22/2014

Note: Frivolous civil proceedings may be subject to sanctions pursuant to SCRCP, Rule 11, and the South Carolina Frivolous Civil Proceedings Sanctions Act, S.C. Code Ann. §15-36-10 et. seq.

SCCA / 234 (06/2013)                                Page 1 of 2

**FOR MANDATED ADR COUNTIES ONLY**

Aiken, Allendale, Anderson, Bamberg, Barnwell, Beaufort, Berkeley, Calhoun, Charleston, Cherokee, Clarendon, Colleton, Darlington, Dorchester, Florence, Georgetown, Greenville, Hampton, Horry, Jasper, Kershaw, Lee, Lexington, Marion, Oconee, Orangeburg, Pickens, Richland, Spartanburg, Sumter, Union, Williamsburg, and York

SUPREME COURT RULES REQUIRE THE SUBMISSION OF ALL CIVIL CASES TO AN ALTERNATIVE DISPUTE RESOLUTION PROCESS, UNLESS OTHERWISE EXEMPT.

**You are required to take the following action(s):**

1. The parties shall select a neutral and file a "Proof of ADR" form on or by the 210th day of the filing of this action. If the parties have not selected a neutral within 210 days, the Clerk of Court shall then appoint a primary and secondary mediator from the current roster on a rotating basis from among those mediators agreeing to accept cases in the county in which the action has been filed.

2. The initial ADR conference must be held within 300 days after the filing of the action.

3. Pre-suit medical malpractice mediations required by S.C. Code §15-79-125 shall be held not later than 120 days after all defendants are served with the "Notice of Intent to File Suit" or as the court directs. (Medical malpractice mediation is mandatory statewide.)

4. Cases are exempt from ADR only upon the following grounds:

    a. Special proceeding, or actions seeking extraordinary relief such as mandamus, habeas corpus, or prohibition;

    b. Requests for temporary relief;

    c. Appeals

    d. Post Conviction relief matters;

    e. Contempt of Court proceedings;

    f. Forfeiture proceedings brought by governmental entities;

    g. Mortgage foreclosures; and

    h. Cases that have been previously subjected to an ADR conference, unless otherwise required by Rule 3 or by statute.

5. In cases not subject to ADR, the Chief Judge for Administrative Purposes, upon the motion of the court or of any party, may order a case to mediation.

6. Motion of a party to be exempt from payment of neutral fees due to indigency should be filed with the Court within ten (10) days after the ADR conference has been concluded.

Please Note:   You must comply with the Supreme Court Rules regarding ADR.
Failure to do so may affect your case or may result in sanctions.

STATE OF SOUTH CAROLINA        COURT OF COMMON PLEAS

COUNTY OF BERKELEY             NINTH JUDICIAL CIRCUIT

DAWN L. HILLEGASS,

                               C/A #   2014-CP-08-1244

    Plaintiff,

vs.                                    SUMMONS

LEXIS NEXIS RISK
SOLUTIONS, INC.

    Defendant.

TO: THE DEFENDANT(S) ABOVE NAMED:

YOU ARE HEREBY SUMMONED and required to answer the Complaint in this action, a copy of which is hereby served upon you and to serve a copy of your Answer to the said Complaint on the subscriber, David A. Maxfield, Esquire, at his office at 5217 N. Trenholm Road, Suite B, Columbia, SC 29206, within thirty (30) days after service hereof, exclusive of the date of such service; and if you fail to answer the Complaint within the time aforesaid, the Plaintiff in this action will apply to the court for the relief demanded in the Complaint. If you fail to appear and defend, judgment by default will be rendered against you for the relief demanded in the Complaint.

                        DAVE MAXFIELD, ATTORNEY, LLC

                    By: _____
                        David A. Maxfield
                        5217 N. Trenholm Road, Suite B
                        Columbia, SC 29206
                        803-509-6800

DATED: May 15, 2014

1

| STATE OF SOUTH CAROLINA | COURT OF COMMON PLEAS |
|---|---|
| COUNTY OF BERKELEY | NINTH JUDICIAL CIRCUIT |
| DAWN L. HILLEGASS, | C/A # 2014-CP-08-1244 |
| Plaintiff, | COMPLAINT |
| vs. | (Jury Trial Demanded) |
| LEXIS NEXIS RISK SOLUTIONS, INC. | |
| Defendant. | |

FILED 2014 MAY 28 AM 10:20 MARY P. BROWN CLERK OF COURT BERKELEY COUNTY, SC

Plaintiff, complaining of the Defendant(s) above-named, would show this Court as follows:

1. Plaintiff is a citizen and resident of the State of South Carolina.
2. Plaintiff is a "consumer" as defined by the Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1681a(c).
3. Defendant LexisNexis Risk Solutions, Inc., is a foreign corporation organized under the laws of Georgia, with its principal place of business in Georgia, transacting substantial business in the State of South Carolina, County of Berkeley.
4. Defendant meets the definition of a "consumer reporting agency" as defined by the FCRA, 15 U.S.C. § 1681a(f).
5. This Court has jurisdiction over the parties and subject matter of this action and venue is proper based on the non-residence of the Defendant.

2

## FACTS

6. Since in or before 2008, Defendant has mixed Plaintiff's personal, employment, residence, criminal, and other history with that of another consumer known as "Dawn Carpenter" or "Dawn Helme" or "Helm."

7. Upon information and belief, the consumer with whom Defendant mixed Plaintiff's information has (or had) outstanding criminal warrants and/or other derogatory information associated with her name; much of this information has been attributed by Defendant to Plaintiff.

8. On multiple occasions, Plaintiff has contacted Defendant and advised Defendant specifically of its errors, to no avail.

9. Even after Plaintiff's disputes, Defendant continued to "associate" the other consumer's information with Plaintiff; upon information and belief, Plaintiff's information was likewise associated and put on the other consumer's file, making them appear to be the same person.

10. This mixing extended to aliases, employment, addresses, relatives, and personal information, including social security numbers.

11. In or around July of 2012, in a desperate effort to untangle her identity with that of the other consumer's, Plaintiff applied for and received a new social security number.

12. Upon information and belief, even after issuing the new social security number, Defendant continued to combine her information with the other consumer's.

13. Additionally, after Plaintiff placed an ID Theft Alert on her Lexis file, Defendant inexplicably "inactivated" her alert.

14. Further, besides the mixed information, Defendant's reports contain other errors, such as failing to report Plaintiff's correct home address in favor of reporting her brother's address, where she stayed for approximately three weeks while transitioning to South Carolina from Ohio.

15. Defendant likewise has omitted other important and accurate information, such as Plaintiff's education and employment.
16. Defendant has, in the past, falsely reported information concerning Plaintiff to her (then) employer, Fifth Third Bank.
17. Plaintiff (who moved to South Carolina in 2012 and has been seeking employment since) is further informed and believes that Defendant has reported false information concerning her to prospective employers, hampering her efforts to find suitable employment.
18. As a direct and proximate result of the Defendant's actions Plaintiff has been damaged.

## FOR A FIRST CAUSE OF ACTION
### (Negligent Noncompliance with FCRA)

19. Plaintiff realleges and incorporates the above allegations to the extent not inconsistent with the allegations of this Cause of Action.
20. Defendant LexisNexis prepared and furnished credit reports on Plaintiff that contain false, negative information and false personal information.
21. Plaintiff notified Defendant LexisNexis it is reporting false information, has disputed that information, asked Defendant to correct it.
22. Despite those disputes, Defendant LexisNexis continued to report false information.
23. Upon information and belief, LexisNexis's reporting is false and incorrect.
24. Defendant LexisNexis negligently failed to comply with the FCRA, including but not limited to the requirements in 15 U.S.C. §1681e, §1681k, and §1681i.
25. Because of Defendant's failure to comply with the requirements of FCRA, Plaintiff has suffered, and continues to suffer, actual damages, including economic loss, inability to find suitable employment, damage to reputation, invasion of privacy, emotional distress and interference with her normal and

4

usual activities for which Plaintiff seeks damages in an amount to be determined by the jury.

26. Plaintiff requests attorney fees under 15 U.S.C. §1681o(a).

## FOR A SECOND CAUSE OF ACTION
### (Willful Noncompliance with FCRA)

27. Plaintiff realleges and incorporates the above allegations to the extent not inconsistent with the allegations of this Cause of Action.

28. Defendant LexisNexis has prepared and furnished credit reports on plaintiff that contain false, negative information and false personal information.

29. Plaintiff has notified Defendant LexisNexis it is reporting false information, has disputed that information, and has asked Defendant to correct it. Despite those disputes, Defendant LexisNexis continued to report false information.

30. LexisNexis willfully failed to comply with the requirements of FCRA.

31. Because of Defendant's failure to comply with the requirements of FCRA, Plaintiff has suffered, and continues to suffer, actual damages, including economic loss, denial of credit, inability to find suitable employment, damage to reputation, invasion of privacy, emotional distress and interference with her normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the jury. Plaintiff also seeks punitive damages in an amount to be determined by the jury.

32. Plaintiff requests attorney fees under 15 U.S.C. § 1681n(a).

## FOR A THIRD CAUSE OF ACTION
### (Violation of S.C. Code §37-20-170)

33. The allegations contained hereinabove are repeated as if fully alleged verbatim, to the extent not inconsistent with this cause of action.

34. Defendant LexisNexis is a consumer credit-reporting agency as defined by the above code section; Plaintiff is a consumer as defined by the above code section.
35. Defendant failed to handle the Plaintiff's dispute in the manner required by the above code section in the following particulars:
    - In failing to properly reinvestigate the inaccuracy, and
    - In failing to provide the Plaintiff with sufficient evidence that the information is true and accurate information as it relates to the consumer; and,
    - In failing to record the current status of the disputed information.
36. Defendant further failed to deny or admit the inaccuracy to the consumer in writing because it neglected to address entirely certain disputes raised by the Plaintiff's dispute(s).
37. Regarding the disputed items denied by Defendant, Defendant failed to include the following information with the written results of the reinvestigation:
    - the basis for its refusal to change the information;
    - a copy of the consumer's file as revised as a result of the reinvestigation, which included the business name and address of any furnisher of information who was contacted in connection with that information and, if reasonably available, the telephone number of the furnisher;
    - a notice that, if requested by the consumer, the consumer reporting agency shall provide the consumer with a description of the procedure used by the consumer reporting agency to determine the accuracy and completeness of the information; and
    - sufficient evidence that the information is true and accurate information as it relates to that consumer.
38. Regarding the items that were inaccurate, Defendant failed to correct or fully correct same in its records, and failed to notify the consumer it would (upon

6

request by the consumer) inform any person who within the last six months has previously received a report containing inaccurate information.

39. As a direct and proximate result of the foregoing violations, and besides all other penalties that may be imposed, Defendant is liable to Plaintiff for three times the actual damages, or three thousand dollars for each incident, whichever is greater, and reasonable attorney's fees and costs for its willful and knowing violations under S.C. Code 37-20-170(D)

40. Further, besides all other penalties that may be imposed, Defendant is liable to Plaintiff for the greater of actual damages or one thousand dollars for each incident, and reasonable attorney's fees and costs, for its negligent violations. Under S.C. Code 37-20-170(E).

### PRAYER FOR RELIEF

WHEREFORE, the prayer of the Plaintiff is for judgment against Defendant in an amount sufficient to compensate Plaintiff for his actual damages, in an amount to be determined by the jury, with punitive damages in an amount to be determined by the jury, injunctive relief, such interest as is allowable by law, costs, attorney's fees, and such other relief as is just and proper.

DAVE MAXFIELD, ATTORNEY, LLC

By: _____
David A. Maxfield
5217 N. Trenholm Road, Suite B
Columbia, SC 29206
803-509-6800

DATED: May 15, 2014
Columbia, South Carolina